# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

No. 19-10888
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EZER ROSEMBEL BARRIENTOS-OSORIO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-211-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Ezer Rosembel Barrientos-Osorio appeals the sentence imposed upon revocation of his supervised release following his conviction for illegal reentry, contending that the district court plainly erred by imposing a new, 22-month supervised release term on a deportable alien without explanation, contrary to U.S.S.G. § 5D1.1(c). Because Barrientos-Osorio did not object to his revocation sentence, we review for plain error. *See United States v. Jones*, 484 F.3d 783,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

792 (5th Cir. 2007).  To show plain error, Barrientos-Osorio must identify (1) a forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies the first three requirements, we have discretion to remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

We need not decide whether Barrientos-Osorio has shown clear or obvious sentencing error because even if he could do so, his cursory and misdirected arguments with respect to the third and fourth plain error prongs are inadequate to warrant the exercise of our corrective discretion.  *See United States v. Rivera,* 784 F.3d 1012, 1019 n.3 (5th Cir. 2015); *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006); *United States v. Clark*, 2020 WL 3261697, at *1 (5th Cir. June 16, 2020).  Contrary to his assertions, *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), is not dispositive.  Because Barrientos-Osorio has not met his affirmative burden to establish each plain error prong, *see id.* at 1343, we AFFIRM the judgment.